United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAWL WASHELESKI,<br>    Plaintiff,<br>v.<br>CITY OF CAMPBELL,<br>    Defendant. | Case No. 25-cv-05231-EKL<br><br>**ORDER GRANTING MOTION TO REMAND AND TERMINATING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 3, 10 |

Before the Court is a motion to remand this case to Santa Clara County Superior Court filed by self-represented Plaintiff Pawl Washeleski. Having reviewed the parties' submissions and the relevant authority, the Court finds this matter suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the motion to remand is GRANTED, and the City of Campbell's motion to dismiss is TERMINATED as moot.

## I.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is originally filed in state court, "[a] defendant may remove [it] to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). The removing party has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989). "A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

A case filed in state court may be removed if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1   The presence of federal question jurisdiction is governed by the well-pleaded complaint rule,
2   which provides that "federal jurisdiction exists only when a federal question is presented on the
3   face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,
4   392 (1987); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear
5   from the face of the plaintiff's well-pleaded complaint that there is a federal question."). The
6   well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid
7   federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

**II.    DISCUSSION**

On April 24, 2025, Washeleski filed this case in Santa Clara County Superior Court asserting claims under California law. *See* Notice of Removal at 1, ECF No. 1. Specifically, Washeleski asserted claims for: (1) violation of due process under the California Constitution; (2) intentional infliction of emotional distress; (3) abuse of process; and (4) civil conspiracy to violate rights. Notice of Removal Ex. A at 2, ECF No. 1 ("Original Compl."). On May 6, 2025, Washeleski filed an amended complaint. Notice of Removal Ex. B, ECF No. 1 ("Am. Compl."). The stated purpose of the amended complaint was "to name additional defendants," and for "[a]ll prior allegations and claims stated in the original complaint [to] remain unchanged." *Id*. at 1; *see also id*. at 2 (seeking to "add the newly named defendants," and requesting that "all claims stated in the original complaint be preserved and enforced against all parties").

On June 20, 2025, Defendant City of Campbell ("City") removed the case to federal court on the basis of federal question jurisdiction.[1] Notice of Removal at 2. The City contends that the amended complaint raises a federal question because it states that "[a]ll factual and legal allegations contained in the original complaint, including but not limited to violations of due process, equal protection, ADA rights, and civil rights under 42 U.S.C. §§ 1983 and 1985, are incorporated by reference." *Id*. at 1. This statement is confusing because, as the City acknowledges, "the original complaint did not make a claim under 42 U.S.C. §§ 1983 and 1985" – or any other federal law. Opp. at 4 n.1, ECF No. 13.

---

[1] The City was served on May 21, 2025. *Id*. at 2. Thus, the case was timely removed within 30 days after the City was served with the amended complaint. *See* 28 U.S.C. § 1446(b)(3).

1    In his motion to remand, Washeleski contends that he did not intend to assert new claims under federal law in his amended complaint. He explains that "the claims pled in the state court action remain rooted in California law and the California Constitution, and the federal references were cited solely to provide context, not as standalone causes of action requiring federal adjudication." Mot. at 1, ECF No. 3. In his reply, Washeleski elaborates that his complaint "mentions federal law solely to provide context for the state-based violations alleged, not to create an independent federal cause of action." Reply at 1, ECF No. 15; *see also id.* ("Plaintiff's references to 42 U.S.C. §§ 1983 and 1985 are illustrative of the broader civil rights violations but are not pled as standalone federal causes of action.").

The Court finds that it is not clear from the face of the amended complaint that Washeleski has raised a federal question. *See Duncan*, 76 F.3d at 1485. The only enumerated causes of action arise under state law, *see* Original Compl. at 2, and the amended complaint does not expressly add any new claims. To the contrary, the amended complaint provides that the "claims stated in the original complaint remain unchanged." Am. Compl. at 1. Moreover, the passing reference to "violations of due process, equal protection, ADA rights, and civil rights under 42 U.S.C. §§ 1983 and 1985" is insufficient to raise a federal question. The amended complaint does not seek to add claims for these purported violations, nor does it contain any allegations that would support such claims. Washeleski is the master of his complaint, and it is his prerogative to "avoid federal jurisdiction by exclusive reliance on state law" if he chooses. *Caterpillar*, 482 U.S. at 392.

Alternatively, even if the amended complaint arguably raises a federal question, the Court may construe Washeleski's motion to remand as a disclaimer of any claims arising under federal law, or a motion to amend to remove what the City has construed as federal claims. *See, e.g.*, *California ex rel. Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1077 (9th Cir. 2025) (recognizing that disclaimers of federal claims are "a mechanism available to plaintiffs who wish to limit their complaints and avoid federal jurisdiction"); *Doe v. Stanford Health Care*, No. 5:24-cv-09359-BLF, 2025 WL 1024660, at *3-4 (N.D. Cal. Apr. 7, 2025) (granting leave to amend to remove federal claims). Washeleski clearly and unequivocally disavows any intent to bring claims under federal law. Mot. at 1; Reply at 1. At this early stage of the litigation, leave to amend

"should be freely granted 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Fed. R. Civ. P. 15(a)); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

The City argues that Washeleski's disclaimer of claims under federal law is "immaterial because the 'propriety of removal is determined solely on the basis of the pleadings filed in state court.'" Opp. at 4 (quoting *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)). The City is correct that the Ninth Circuit previously held that "post-removal amendments to the pleadings cannot affect whether a case is removable." *Williams*, 471 F.3d at 976. But the Supreme Court recently "overruled [the Ninth Circuit's] prior precedent holding that post-removal amendments do not undermine federal jurisdiction." *Faulk v. JELD-WEN, Inc.*, ___ F.4th ___, No. 24-4078, 2025 WL 3183012, at *1 (9th Cir. Nov. 14, 2025). In *Royal Canin U.S.A., Inc. v. Wullschleger*, the Supreme Court held that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." 604 U.S. 22, 30 (2025). Thus, a proper post-removal amendment can divest a federal court of jurisdiction, thereby requiring remand to state court. *Id*. at 35. Although the Court does not find it necessary, Washeleski could amend his complaint to remove any doubt that he seeks to proceed solely on state-law claims, divesting the Court of subject matter jurisdiction. *See id.*

In sum, the Court holds that remand is required because the amended complaint does not raise a federal question on its face, and there is no other basis for subject matter jurisdiction. Alternatively, leave to amend to remove the purported federal claims would be appropriate here.

## III. CONCLUSION

For the foregoing reasons, Washeleski's motion is GRANTED. This case is REMANDED to Santa Clara County Superior Court. The City's motion to dismiss, ECF No. 10, is TERMINATED as moot.

**IT IS SO ORDERED.**

Dated: December 3, 2025

Eumi K. Lee
United States District Judge

4